UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GIA DOWNS,<br><br>　　　　Plaintiff,<br>　v.<br><br>DOLLAR TREE STORES, INC. and<br>FAMILY DOLLAR STORES OF<br>GEORGIA, LLC,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br>1:20-CV-02351-JPB |

## ORDER

This matter is before the Court on Family Dollar Stores of Georgia, LLC's ("Defendant") Motion to Strike Expert Testimony and Motion for Partial Summary Judgment [Doc. 47] and Motion to Strike Untimely Expert Report of Dr. Shevin Pollydore [Doc. 56]. This Court finds as follows:

### PROCEDURAL HISTORY

Gia Downs ("Plaintiff") filed this personal injury action against Dollar Tree Stores, Inc. and Defendant on April 30, 2020, in the State Court of Gwinnett County. [Doc. 1-1]. The action was removed to this Court on June 2, 2020. [Doc. 1]. Thereafter, pursuant to a consent motion, this Court dismissed without

prejudice the claim asserted against Dollar Tree. [Doc. 12]. Thus, the claim asserted against Defendant is the only claim that remains.

On June 30, 2020, the Court issued a Scheduling Order and assigned the case to a six-month discovery tract. [Doc. 13]. Discovery was originally scheduled to close on January 4, 2021. On the day discovery was scheduled to close, the parties filed a Consent Motion for Extension of Time to Complete Discovery. [Doc. 34]. The motion was granted, and discovery was extended through and including May 4, 2021. See January 5, 2021 docket entry.

On April 29, 2021, the parties asked for another discovery extension, which this Court granted in part and denied in part. [Doc. 44]. The Court explained that because the parties were already given ten months to complete discovery, the Court would not authorize a 100-day extension. Id. Instead, the Court extended discovery through and including June 18, 2021. Id.

Three days after the discovery period closed, on June 21, 2021, Plaintiff filed the Expert Report of Obinwanne Ugwonali, M.D., who is one of Plaintiff's treating physicians. [Doc. 46]. On July 19, 2021, Defendant moved to strike the expert report of Dr. Ugwonali because it was untimely. [Doc. 47]. Defendant also moved for summary judgment as to Plaintiff's attempt to collect damages for cervical disc bulges, lumbar disc bulges, knee injuries, rotator cuff tear or any

surgery related to such injuries because, according to Defendant, these injuries require expert testimony as to causation. [Doc. 47-1, p. 7]. On July 21, 2021, Plaintiff filed the Expert Report of Shevin Pollydore, M.D., another one of Plaintiff's treating physicians. [Doc. 50]. Because this report was also untimely, Defendant moved to strike it on August 13, 2021. [Doc. 56]. The motions are now ripe for review.

## DISCUSSION

As stated immediately above, two motions are currently pending. In the first motion, Defendant seeks exclusion of Dr. Ugwonali's report and summary judgment as to some, but not all, of Plaintiff's injuries. In the second motion, Defendant seeks exclusion of Dr. Pollydore's report. In the analysis that follows, this Court will address whether the expert reports should be excluded.

"It is undisputed that once a treating physician begins to render opinions as to causation and not simply as to his observations and decisions [made during] patient treatment, he becomes subject to the strictures of expert disclosure." Showan v. Pressdee, No. 1:16-CV-468-ODE, 2017 WL 8781045, at *2 (N.D. Ga. July 12, 2017). Federal Rule of Civil Procedure 26(a)(2) governs expert disclosures. Significantly, the rule requires expert disclosures to be accompanied by "a written report—prepared and signed by the witness—if the witness is one

retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," among other information. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

The Federal Rules of Civil Procedure state that expert disclosures shall be made

> at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. Pro. 26(a)(2)(D). In addition to the federal rules, the Local Rules of the Northern District of Georgia have rules pertaining to the timing of expert disclosures. Specifically, Local Rule 26.2(C) provides that "[a]ny party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert."

In this case, it is undisputed that Plaintiff's expert disclosures were not timely. When a party fails to comply with the expert disclosure requirement,

4

exclusion of that expert may result.  Under Federal Rule of Civil Procedure 37(c)(1),

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The local rule, which is more restrictive than the federal rule, provides that a party who fails to comply with the disclosure requirements "shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by Court order based on a showing that the failure to comply was justified."  LR 26.2(C), NDGa.  Thus, in deciding whether to strike untimely expert testimony, this Court does not ask whether the opposing party is prejudiced by the delay.  Harrell v. U.S. Fire Ins. Co., 4:18-CV-00110-HLM, 2019 WL 3772644, at *2 (N.D. Ga. Feb. 28, 2019).  Rather, the Court must determine whether the late disclosure was justified.  Id.

      Defendant asks this Court to strike the expert reports on the basis that the late disclosures were not justified.  Plaintiff disagrees.  In response to the motions to strike, Plaintiff provided evidence that her counsel began trying to obtain the expert reports on March 8, 2021—over three months before the close of discovery.  [Doc. 52-1, p. 1].  Plaintiff's counsel explained that on March 8, he contacted Dr.

Ugwonali's assistant to ask Dr. Ugwonali to provide an expert report related to both his treatment of Plaintiff, and that of other physicians at Peachtree Orthopedics. Id. On that same day, Plaintiff's counsel provided to Dr. Ugwonali's assistant an e-mail laying out the elements of a Rule 26 expert report. Id. at 1-2. Having not yet received an expert report, on April 22, 2021, Plaintiff's counsel again contacted Dr. Ugwonali's assistant. Id. at 2. During that conversation, the assistant told Plaintiff's counsel that an expert report would not be provided. Id. Nevertheless, Plaintiff's counsel continued to communicate with Dr. Ugwonali's assistant, and on May 24, 2021, Dr. Ugwonali agreed to provide the expert report. Id. Plaintiff's counsel immediately paid the invoice relating to the report's preparation. Id.

On June 1, 2021, a couple of weeks before the close of discovery, Plaintiff's counsel notified Defendant's counsel that he was "trying to get one of the treating doctors to do [a Rule 26 report]." Id. (alteration in original). Plaintiff's counsel informed Defendant's counsel that payment had been tendered but that the report had not yet been received. Id. Plaintiff's counsel then explained that he expected Dr. Ugwonali to testify on causation and he hoped to get the report within a week or two. Id. at 3.

On June 14, 2021, only four days before the close of discovery, Dr. Ugwonali's assistant informed Plaintiff's counsel that Dr. Ugwonali would limit his report to Plaintiff's shoulder injury, meaning that he would not address the treatment other physicians at Peachtree Orthopedics provided to Plaintiff. Id. In response to this development, Plaintiff's counsel immediately reached out to Dr. Pollydore's assistant to request an expert report relating to Plaintiff's other injuries. On July 2, 2021, Plaintiff's counsel paid the invoice for Dr. Pollydore's expert report, and on at least four separate occasions in July, Plaintiff's counsel contacted Dr. Pollydore's assistant regarding the status of the report. Id. at 4-5.

Ultimately, Plaintiff did not receive Dr. Ugwonali's expert report until June 21, 2021. Id. at 4. Plaintiff filed and disclosed the report the same day. Id. As to Dr. Pollydore's report, Plaintiff did not receive that report until July 21, 2021. Id. at 5. Again, the report was filed and disclosed the same day. Id. Based on the efforts explained in detail above, Plaintiff contends that her late disclosure was justified, especially since the two doctors have been known to Defendant since discovery began.

In this case, there is no question that the expert disclosures were not timely. After thoroughly reviewing the efforts Plaintiff took to obtain the expert reports, this Court finds that Plaintiff's failure to comply with the deadline was justified.

Certainly, producing untimely expert disclosures was not a prudent course of action.  When Plaintiff realized that the expert reports were not going to be completed by the discovery deadline, she should have sought another extension,[1] rather than sit back and wait for the experts to complete their work.  While the Court does not condone Plaintiff's conduct, as it is Plaintiff's responsibility to ensure the reports are timely, "[s]triking an expert is a drastic remedy." Shaw v. Pizza Hut, No. 8:08-CV-27-T-24EAJ, 2009 WL 1228440, at *2 (M.D. Fla. May 4, 2009).  Under the circumstances presented in this case, the facts do not justify the relief Defendant seeks, especially where this matter is not yet set for trial and Plaintiff's counsel made significant efforts in obtaining the expert reports.  If Defendant would like to depose the two experts, Defendant may do so before trial.

## CONCLUSION

For the foregoing reasons, Defendant's motions [Docs. 47 and 56] are **DENIED**.[2]  Because discovery is closed and no dispositive motions are pending, the parties are **HEREBY ORDERED** to file the Consolidated Pretrial Order required by Local Rule 16.4 within twenty-one days of entry of this Order.  The parties are notified that a failure to comply with this Order may result in sanctions,

---

[1] As stated previously, discovery had already been extended twice.
[2] Because the expert reports were not excluded, the Court need not address Defendant's Motion for Partial Summary Judgment.  It is thus **DENIED** without prejudice.

including dismissal of the case or entry of default judgment. In the event a Consolidated Pretrial Order is not filed, the Clerk is **DIRECTED** to submit the case at the expiration of the twenty-one-day period.

**SO ORDERED** this 21st day of September, 2021.

_____
J. P. BOULEE
United States District Judge